UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL J. MCDERMOTT,<br><br>Plaintiff,<br><br>v.<br><br>REBECCA M BLANK,<br><br>Defendant. | CASE NO. C12-2042 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND DISMISSING INDIVIDUAL DEFENDANTS |

THIS MATTER comes before the Court on Plaintiff's motion to compel (Dkt. No. 28) and Defendant Rebecca M. Blank's response and cross motion to dismiss individual defendants from this case with prejudice (Dkt. No. 30.). The Court considered the motions, Plaintiff's response to the motion to dismiss (Dkt. No. 36), Plaintiff's reply to the motion to compel (Dkt. No. 38), Defendant's reply to the motion to dismiss (Dkt. No. 39), and all related documents. The Court DENIES Plaintiff's motion to compel and GRANTS Defendant Blank's motion to dismiss all individual defendants from this case with Prejudice.

**Background**

Plaintiff Michael J. McDermott began working for the US Decennial Census in 2000, and was hired to run the Field Operations Division for the State of Idaho in November of 2008. (Dkt. No. 17 at 4.) McDermott brings suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-1 to, violations of the Fifth and First Amendments, the Occupational Safety and Health Act, 29 U.S.C. Chapter 15, and the Declaratory Judgment Act, 28 U.S.C. §2201-2202. (Dkt. No. 17 at 2-3.) McDermott brings claims against the United States Department of Commerce and several employees or former employees of the United States Department of Commerce. (Id. at 1.) McDermott seeks injunctive, declaratory and monetary relief against the U.S. Department of Commerce and all named Defendants, and an injunction ordering the investigation and prosecution of all involved in the alleged actions against him. (Id. at 21.)

This suit stems from the allegedly wrongful termination of McDermott from his employment with the Census based on his religious and political beliefs. (Dkt. No. 17 at 10-11.) McDermott argues he was harassed while a Census employee for his Roman Catholic faith and his support of Proposition 8 and the Defense of Marriage Act, and his termination was part of a "Collusive Conspiracy" of retaliation for his complaints regarding the harassment. (Id. at 7-8.) McDermott is a pro se in forma pauperis Plaintiff, and as such asked the Court to direct service of Defendants in this case. (Dkt. No. 20.) The Court granted the motion and ordered service upon the United States Attorney General's office in Washington D.C., the United States Attorney for the Western District of Washington, and the U.S. Census Bureau pursuant to 28 U.S.C. §1915 and Fed. R. Civ. P. 4(i)(2). (Dkt. No. 22.)

Federal Defendant United States Department of Commerce appeared in the case. (Dkt. No. 27.) McDermott now brings a motion to compel the U.S. Department of Commerce to provide service to all the present and former officers he seeks to bring suit against, or

- 2

alternatively to provide the Court with the contact information for service by the US Marshals. (Dkt. No. 28 at 1.) The Department of Commerce opposes the motion to compel and brings a cross-motion to dismiss with prejudice all Federal Defendants in their individual capacities, arguing the only proper defendant is the Secretary of the U.S. Department of Commerce, in his or her official capacity only. (Dkt. No. 30 at 1.)

**Discussion/Analysis**

A. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 545) (further noting that plausibility lies somewhere between allegations that are "merely consistent" with liability and a "probability requirement"); see also Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir.2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Iqbal at 1949).

B. Claims Preempted by the CSRA

In Bivens v. Six Unknown Named Agents of the Fed. Narcotics Bureau, 403 U.S. 388 (1971), the Supreme Court held causes of action for damages can be inferred directly from Constitutional provisions. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). There are several important limitations on Bivens causes of action. A Bivens action will not lie where there

are "special factors counseling hesitation in the absence of affirmative action by Congress" or where Congress has explicitly created another remedy for the violation. 403 U.S. at 396-397. In Bush v. Lucas, the Supreme Court held administrative review mechanisms crafted by Congress provide meaningful redress for plaintiffs and generally take the place of Bivens actions, even where they do not provide a full remedy for the constitutional violation alleged. 462 U.S. 367, 390 (1983).

The Civil Service Reform Act ("CSRA") limits federal employees challenging personnel practices to an administrative remedial system. Mathesian v. Lee, 406 F.3d 1131, 1134 (9th Cir. 2005.) The 9th Circuit has "consistently held that the CSRA preempts Bivens actions and other suits for constitutional violations arising from governmental personnel actions." Russell v. United States Dep't of the Army, 191 F.3d 1016, 1019 (9th Cir. 1999). The CSRA preclusion of these types of claims applies even where the CSRA does not itself provide a remedy. Saul v. United States, 928 F.2d 829, 849 (9th Cir. 1999).

The CSRA defines "prohibited personnel practices" as any "personnel action" taken for an improper motive by someone who has authority to take personnel actions. 5 U.S.C. §2302(b). The thrust of McDermott's claim is wrongful termination from his employment with the Census because of his gender, religion and political viewpoints, and for raising discrimination claims and concerns about the administration of the Census. (Dkt. No. 17.) The adverse employment actions he alleges are "personnel action" within the meaning of the CSRA and the CSRA preempts these claims from being adjudicated in federal court.

C.  Title VII Action

McDermott also brings an action for employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e1-e17 ("Title VII"). The Supreme Court

holds Title VII provides "the exclusive judicial remedy for claims of discrimination in federal employment" Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976). In an action under Title VII brought by a federal employee, the only appropriate defendant is the head of the department, agency, or unit, as appropriate, in his or her official capacity. Cooper v. U.S. Postal Service, 740 F.2d 714, 715-16 (9th Cir. 1984). The 9th Circuit makes clear a federal employee pursuing a Title VII claim against the government is "precluded from asserting discrimination claims against individual federal employees who may have participated in the case." Williams v. United States General. Servs. Admin., 905 F.2d 308, 311 (9th Cir. 1990).

McDermott's claims against the individual Defendants arising from his alleged employment discrimination while a federal employee are barred by Title VII, where the only appropriate Defendant is the Secretary of the U.S. Department of Commerce, in his or her official capacity. McDermott argues he should not be precluded from suing the individual federal employees because the alleged discrimination was part of a "Collusive Conspiracy" taking place in the Census. (Dkt. No. 36 at 4.) Williams makes clear the involvement of individual federal employees in the alleged discrimination or the background of the case does not allow for a Title VII claim against them. 905 F.2d at 311.

D.  OSHA Claim

To the extent McDermott argues he may sue the individual Defendants by reaching them through his retaliation claim under the Occupational Safety and Health Act ("OSHA"), 29 C.F.R. §1977.12, his argument also fails. McDermott fails to assert how OSHA applies to the facts of his case. The purpose of OSHA is to "prevent occupational deaths and serious injuries" and appears inapplicable to this case based on the facts set forth by McDermott. Whirlpool Corp. v.

Marshall, 445 U.S. 1, 11 (1980). McDermott does not provide, and the Court does not find, any basis for a cause of action against the individual Defendants under OSHA.

## Conclusion

Plaintiff's claims against the individual Defendants named in this case are preempted by the CSRA and Title VII. The Court GRANTS Defendant U.S. Department of Commerce's motion and DISMISSES all claims against all individual Defendants in this case. Because no amendment by the Plaintiff can cure the defects requiring dismissal, the dismissal is with prejudice. The only remaining Defendant is the Secretary of the U.S. Department of Commerce, Deputy Secretary Rebecca M. Blank, in her official capacity. Because all individual Defendants are dismissed, Plaintiff's motion to compel service upon them is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 17th day of April, 2013.

Marsha J. Pechman
Chief United States District Judge