UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL J. MCDERMOTT,<br><br>        Plaintiff,<br><br>    v.<br><br>REBECCA M BLANK,<br><br>        Defendant. | CASE NO. C12-2042 MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant's motion for summary judgment. (Dkt. No. 54.) The Court considered the motion, Plaintiff's response (Dkt. No. 64), Defendant's reply (Dkt. No. 66) and all related documents. The Court notes Plaintiff submitted a "supplemental Reply" (Dkt. No. 71), or surreply, objecting to the content of Defendant's reply brief. Pursuant to Local Civil Rule 7(g), the Court will only consider a surreply which is a motion to strike material contained in a reply brief and is strictly limited to a specific request to strike particular material. "Extraneous argument or a surreply filed for any other reason will not be considered." LCR 7(g). Because Plaintiff's "supplemental reply" is a surreply responding on the merits to Defendant's

reply, it cannot be considered. Upon consideration of all materials properly before it, the Court GRANTS the motion for summary judgment in favor of Defendant.

**Background**

Plaintiff Michael J. McDermott began working for the U.S. Decennial Census in 2000, and was hired to run the Field Operations Division for the State of Idaho in November of 2008. (Dkt. No. 17 at 4.) McDermott initially brought suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-1 et. seq., violations of the Fifth and First Amendments, the Occupational Safety and Health Act ("OSHA"), and the Declaratory Judgment Act, 28 U.S.C. §2201-2202. (Dkt. No. 17 at 2-3.) McDermott's claims under OSHA were dismissed. (Dkt. No. 40 at 5.) The only remaining Defendant in this case is Rebecca M. Blank, Secretary of the U.S. Department of Commerce, in her official capacity only. (Dkt. No. 40 at 6.)

McDermott was hired in November of 2008 as an Assistant Manager for Field Operations with the Census for a temporary appointment "not-to-exceed one year, with the possibility of a one year extension." (Dkt. No. 55 at 5.) He was terminated after eight months of employment. (Id. at 11.) This suit stems from the allegedly wrongful termination of McDermott from his employment with the Census based on his religious and political beliefs. (Dkt. No. 17 at 10-11.) McDermott argues he was harassed while a Census employee for his Roman Catholic faith, for being male, and for his support of Proposition 8 and the Defense of Marriage Act. (Dkt. No. 17.) He alleges his termination was part of a "Collusive Conspiracy" of retaliation for his complaints regarding the harassment. (Id. at 7-8.)

David Mulvihill was McDermott's direct supervisor during McDermott's employment with the census. (Dkt. No. 54 at 2.) Mulvihill reported to Alice Greene. Defendant alleges McDermott was terminated in July of 2009 for "cumulative behavior and lapses in good

judgment" following several occurrences in the workplace. (Id. at 4.) In November 2008, while employed by the Census, McDermott initiated the grievance process with the Equal Employment Opportunity Commission ("EEO process") for a comment allegedly made by a co-worker he found offensive. (Dkt. No. 54 at 4.) He filed his formal EEO complaint in January of 2009. (Id. at 4.) In May 2009, McDermott initiated the EEO process because a co-worker allegedly wore a short skirt during a meeting he attended, and sat in a way which allowed McDermott to see up her skirt. (Id.) After his employment was terminated, McDermott altered the EEO claims to include retaliatory termination. (Id.) McDermott followed the administrative process, and on August 2, 2012 the EEOC administrative judge found McDermott had failed to establish he was discriminated or retaliated against. (Dkt. No. 59-6.)

McDermott also pursued a whistleblower action pursuant to the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 2302(b). On April 29, 2011, the Merit Systems Protection Board denied McDermott's petition for review of the administrative judge's decision finding McDermott had "failed to nonfrivolously allege that he made a protected disclosure." (Dkt. No. 59-8 at 3.) The Board gave McDermott notice of his right to appeal in the United States Court of Appeals for the Federal Circuit, and gave him notice he must file within 60 days. (Id.) It appears McDermott did not appeal to the Federal Circuit. In October 2012, McDermott filed this action, and the case was transferred to this Court on October 12, 2012. (Dkt. No. 5.) Defendant now seeks summary judgment on McDermott's remaining claims, which include his claims under Title VII of the Civil Rights Act of 1964 and his claim for declaratory judgment.

**Analysis**

I. Standard for Summary Judgment

Summary judgment is warranted if no material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970).

If the moving party makes this showing, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing there is a genuine issue for trial. Id. at 324. Because Plaintiff will have the burden of proof at trial, Defendant need not make an affirmative evidentiary showing negating his case; instead Defendant can show the absence of a genuine issue of fact by pointing out there is an absence of evidence to support Plaintiff's claims. Id. at 325.

II. Disparate Treatment under Title VII

Title VII makes it unlawful for an employer to discriminate against an individual on the basis of, among other things, sex or religion. 42 U.S.C. §2000e-2(a)(1)(2005). To establish a prima facie case of disparate treatment based on sex or religion under Title VII, a plaintiff must show (1) he belongs to a protected class; (2) he was performing according to his employer's legitimate

expectations; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Establishing a prima facie case "creates a presumption that the plaintiff's employer undertook the challenged employment action because of the plaintiff's protected status." Cornwell v. Electra Central Credit Union, 439 F.3d 1018, 1029 (9th Cir. 2006).

To rebut the presumption, a defendant "must produce admissible evidence showing that the defendant undertook the challenged employment action for a 'legitimate, nondiscriminatory reason.'" Id., quoting McDonnell Douglas, 411 U.S. at 802. If the defendant does so, the presumption of discrimination is discarded and the usual standard of proof required in civil cases on summary judgment, discussed above, applies. Id. A plaintiff can meet this standard by (1) showing through direct or circumstantial evidence a discriminatory reason, rather than a legitimate reason, more likely motivated the employer's adverse action, or (2) offering evidence the employer's asserted legitimate explanation is "unworthy of credence" and is pretext for actual discriminatory intent. Id.

McDermott cannot make a prima facie case for discrimination under Title VII. McDermott did not identify any similarly situated individual outside of his protected classes who was treated more favorably than he was. McDermott therefore fails to meet final element of a prima facie disparate treatment claim. He also fails to satisfy the second element of performing to his employer's legitimate expectations. McDermott admits to using office equipment to copy political material and distributing it throughout the office, although he characterizes the incident as one of "passing along Relevant Census information." (Dkt. No. 64 at 12.)

Even assuming, arguendo, McDermott had made a prima facie case, Defendant put forth ample evidence McDermott was terminated for legitimate, nondiscriminatory reasons. For

example, Greene stated she received reports that McDermott was "arguing with people in the office constantly, often about procedures that have to be followed in the office." (Dkt. No. 57 at 4.) The termination letter McDermott received listed four legitimate, nondiscriminatory reasons for McDermott's termination. (Dkt. No. 55 at 11.) The reasons stated were, to summarize, (1) failure to focus on assigned responsibilities and intruding on the assignments of others; (2) allowing office equipment to be taken out of state without permission; (3) disruptive continued pursuit of issues which were closed and/or outside the scope of assigned work; and (4) improper use of government property by copying personal materials. (Id.)

Because Defendant has articulated a nondiscriminatory purpose for McDermott's termination, McDermott must present direct or circumstantial evidence that a discriminatory purpose more likely motivated his termination than the legitimate reasons articulated, or offer evidence showing the legitimate reasons are pretext. McDermott fails to present any evidence of pretext or discriminatory purpose. Although McDermott asserts repeatedly Defendants are lying about the reasons for his termination, his mere accusations are not enough. McDermott does provide the declaration of Jerry R. McAllister, the individual whom McDermott allegedly allowed to take Census property out of state without permission. (Dkt. No. 64-6.) In his declaration, McAllister states he did not ask McDermott's permission to take the laptop, but instead made the decision alone. (Id. at 2.) This does not create an issue of material fact precluding summary judgment or establish a claim for discrimination because the equipment issue was only one of four stated reasons for McDermott's termination. McDermott has provided no evidence at all, direct or indirect, that his termination was based on sex or religious discrimination. Summary judgment is GRANTED in favor of Defendant on this claim.

III. Retaliation under Title VII

To make a prima facie claim of retaliation under Title VII, a plaintiff must show (1) he undertook a protected activity under Title VII, (2) his employer subjected him to an adverse employment action, and (3) there is a causal link between the two events. Kortan v. California Youth Auth., 217 F.3d 1104, 1112 (9th Cir. 2000). If a plaintiff makes a prima facie case the burden shifts to the defendant to show a nondiscriminatory reason for its decision. Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464 (9th Cir. 1994). If defendant does so, plaintiff has the "ultimate burden of showing [defendant's] reasons are pretextual." Id. at 1465.

Following the reasoning set forth above, Plaintiff's claim for retaliation necessarily fails. Defendant has articulated several nondiscriminatory, legitimate reasons for McDermott's termination. McDermott must come forth with direct evidence of pretext, or specific and substantial circumstantial evidence of pretext to avoid summary judgment. Bergene v. Salt River Project Agric. Imp. & Power Dist., 272 F.3d 1136, 1142 (9th Cir. 2001). McDermott makes many accusations of pretext and argues Defendant is lying, but puts forth no specific evidence of pretext, and minimal if any circumstantial evidence of pretext. McDermott's claim cannot withstand summary judgment, and summary judgment is GRANTED in favor of Defendant.

IV. Hostile Work Environment

To the extent McDermott brings a hostile work environment claim, his claim cannot survive. To establish a hostile work environment claim under Title VII, a plaintiff must show (1) he was subjected to verbal or physical conduct directed at him because of his protected status, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. Manatt v. Bank of Am., 339 F.3d 792, 798 (9th Cir. 2003). McDermott's allegations do not describe a hostile work

environment. He points to three specific occurrences at work which he found offensive. These occurrences include a comment made by a co-worker during training that men did not need to be protected, only women did, and being shown a poster of a female soldier which McDermott refers to as the "Feminist Sniper" image. (Dkt. No. 17 at 4 and 8.) The documents filed by McDermott also reference a woman allegedly wearing a short skirt and sitting so McDermott could see up her skirt. (Dkt. No. 64-8 at 15.)

McDermott's allegations, even taken as true, do not amount to the "severe and pervasive" discriminatory conduct required to state a hostile work environment claim. Because McDermott's allegations do not amount to a hostile work environment claim, to the extent he alleges such a claim, summary judgment is GRANTED in favor of Defendant.

V. Declaratory Judgment

The Declaratory Judgment Act allows a court to recognize a plaintiff's right even where no immediate enforcement is sought, and further relief based on the declaratory judgment may be granted whenever necessary or proper. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 300 (1943). To determine whether declaratory judgment is appropriate, a district court must determine (1) whether an actual case or controversy exists, and (2) whether the court should exercise its discretion to award declaratory relief. Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005). The Supreme Court has required, for declaratory judgment to be appropriate, "that the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007).

In determining whether a district court should exercise its discretion to issue a declaratory judgment the court should consider the factors set out in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942). Principal Life Ins. Co., 394 F.3d at 669. The Brillhart factors state, "(1) the district court should avoid needless determination of state law issues, (2) it should discourage litigants from filing declaratory judgment actions as a means of forum shopping, and (3) it should avoid duplicitous litigation." Id. at 672 (citations omitted). The 9th Circuit laid out additional factors, including (1) whether the judgment will serve a useful purpose in clarifying and settling the legal relations at issue, (2) whether it will afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding, (3) whether it will settle all aspects of the controversy, (4) whether it is being sought for procedural fencing or to obtain a res judicata advantage, (5) whether it will result in entanglement between the federal and state court systems, (6) convenience of the parties, and (7) availability and convenience of other remedies. Principal Life Ins. Co., 394 F.3d at 672.

McDermott's request for declaratory judgment cannot survive. McDermott seeks declaratory judgment "clearing [his] good name from libelous slander via fabricated 'Admission by Secret Government Proxy' in volition of [his] 5th Amendment Protections." (Dkt. No. 17 at 3.) It does not appear there is any live controversy between McDermott and Defendant; McDermott's claims rest upon allegations of past events. Further, the Court declines to exercise its discretion to issue declaratory judgment, finding declaratory judgment would not clarify any legal relationships as to the parties. For these reasons, summary judgment on this claim is GRANTED in favor of Defendant.

**Conclusion**

Plaintiff McDermott does not allege facts to support any claim under Title VII of the Civil Rights Act or a declaratory judgment action. Summary judgment is GRANTED in favor of Defendants.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 2nd day of January, 2014.

_____
Marsha J. Pechman
Chief United States District Judge